**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SHIRLEY BORING,

    Plaintiff,

    v.

ANDERSON MEDICAL CENTERS, LLC,
LISA ANDERSON, individually, and
MAYER ZAYAN, M.D.,

    Defendants.

07cv1225
JUDGE DER-YEGHIAYAN
MAG. JUDGE SCHENKIER

**Jury Trial Demanded**

**FILED**

J N

MAR X 2 2007
MAR 2 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PLAINTIFF'S COMPLAINT

Plaintiff Shirley Boring ("Boring"), states as follows as her Complaint against Defendants Anderson Medical Centers, LLC, Lisa Anderson, individually, and Mayer Zayan, M.D., individually, and demands a trial by jury on all counts:

### COUNT I
### THE AMERICANS WITH DISABILITIES ACT FEDERAL CLAIM
### (Against Defendant Anderson Medical Centers, LLC)

#### NATURE OF ACTION

1.    Boring is a former employee of Defendant Anderson Medical Centers, LLC (herein "Anderson Medical"). This is an action brought pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.*, (herein "ADA").

2.    This lawsuit also arises under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et. seq.,* (herein "ERISA"), and the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161 *et. seq.,* (herein "COBRA") and involves Defendants Anderson Medical, Lisa Anderson ("Anderson"), and Mayer Zayan, MD's ('Zayan") failure to provide Plaintiff the

required eighteen (18) months of medical coverage under COBRA and Defendants' termination of the Plaintiff for enrolling in the welfare benefits plan maintained by Defendants that provided health and medical benefits to its employees.

3.      This lawsuit also arises out of Defendants Anderson Medical, Anderson, and Zayan's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Portal to Portal Act, 29 U.S.C. § 251 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 735 ILCS 5/2-801 *et seq.* for Defendants' failure to pay overtime wages to Plaintiff.

## JURISDICTION

4.      Federal jurisdiction arises under the provisions of the ADA, 42 U.S.C. § 12101 *et. seq.*, ERISA, 29 U.S.C. § 1001, *et. seq.*, COBRA, 29 U.S.C. § 1161 *et. seq.*, the FLSA, 29 U.S.C. § 201 *et. seq.*, including §§ 206 and 207, the Portal-to-Portal Act, 29 U.S.C. § 251 *et. seq.*, and 28 U.S.C. §§ 1331 and 1343. There is supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

5.      Pursuant to 28 U.S.C. § 1391, venue lies in the Northern District of Illinois in that Boring is a resident in this District, Defendants are engaged in business in this District, and a substantial part of the alleged events or omissions giving rise to the claims occurred in this District.

## PARTIES

6.      Plaintiff Shirley Boring is an individual residing at 42302 N. Oak St., Antioch, Lake County, Illinois within this judicial district.

2

7.     Defendant Anderson Medical Centers, LLC an Illinois corporation and has its principal place of business at 609 Academy Drive, Northbrook, Illinois within this judicial district. Defendants Anderson and Zayan are owners of Defendant Anderson Medical.

8.     At all times relevant hereto, Defendant Anderson Medical either engaged in interstate commerce or an activity affecting commerce and was an "employer" within the meaning of the ADA, 42 U.S.C. §12111(5)(A). At all relevant times in 2005 and 2006, Anderson Medical employs or has employed more than fifteen (15) employees.

9.     At all times relevant hereto, Boring was an "employee" of the defendant Anderson Medical within the meaning of 42 U.S.C. §12111(8) and 29 U.S.C. §2611(2)(A).

## PROCEDURAL BACKGROUND

10.     On February 15, 2006, Boring timely filed a charge of discrimination against Anderson Medical with the Equal Employment Opportunity Commission and the Illinois Department of Human Rights. A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit "A" and incorporated herein.

11.     On or about December 4, 2006, Boring received from the EEOC a Notice of Right to Sue. A true and correct copy of the Notice of Right To Sue is attached hereto as Exhibit "B" and incorporated herein.

12.     This action has been timely filed within ninety (90) days of Boring's receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13.     Boring was employed by Anderson Medical for seven months between October 4, 2005 and May 17, 2005, when she was terminated. While she was employed, Boring performed work as an Accounts Payable clerk.

3

14.    At all pertinent times, Boring satisfactorily performed her job duties. At all pertinent times, Boring was qualified to perform her job duties.

15.    At all pertinent times, Boring was qualified to perform the essential functions of her job, with or without a reasonable accommodation, within the meaning of the ADA.

16.    Boring's doctors have diagnosed Boring as having an inoperable brain lesions and advanced Gastric Reflux Disease.

17.    Defendant Anderson Medical was aware that Boring's doctors had diagnosed her with inoperable brain lesions and advanced Gastric Reflux Disease. Defendant Anderson Medical was aware that Boring had an impairment within the meaning of the ADA.

18.    Boring's impairments substantially limited major life activities of Boring, including, for example, eating, swallowing, seeing, concentrating, thinking, and working.

19.    At all pertinent times, Boring was a qualified individual with a disability within the meaning of Section 42 U.S.C. § 12101(2)(A), Section 42 U.S.C. § 12101(2)(B), and Section 42 U.S.C. § 12102(2)(C) of the ADA.

20.    At all pertinent times, Boring had one or more impairments within the meaning of the ADA that substantially limited one or more of her major life activities within the meaning of the ADA.

21.    At all pertinent times, Defendant Anderson Medical regarded Boring as having such an impairment and having a disability within the meaning of the ADA.

22.    Defendant Anderson Medical mistakenly believed that plaintiff had an impairment that substantially limited a major life activity.

23.    Defendant Anderson Medical mistakenly believed that plaintiff had an existing impairment that is not really limiting, but, in Defendant's view, did substantially limit a major life activity.

4

24. The Defendant Anderson Medical had exaggerated views about the seriousness of plaintiff's impairments.

25. The Defendant Anderson Medical believed that the impairment that Plaintiff had was substantially limiting and significant.

26. The Defendant Anderson Medical believed that Plaintiff had limitations as to tasks central to her daily life and central to most people's daily life.

27. The Defendant Anderson Medical thought that plaintiff's impairment prevented her from working.

28. The Defendant Anderson Medical believed that plaintiff's impairment prevented her from working based on myth, fear, and stereotype.

29. Defendant Anderson Medical mistakenly believed that plaintiff's impairment or injury was disabling.

30. Defendant Anderson Medical regarded Plaintiff's impairment as substantially limiting.

31. Defendant Anderson Medical considered plaintiff disabled due to her impairment, was concerned that if she returned to work she would injure herself or delay her recovery, that returning her to work would be detrimental to her health, and was concerned that plaintiff would injure herself.

32. At all pertinent times, Boring also had a record of such an impairment within the meaning of the ADA.

33. Boring's impairments constitute a disability as that term is defined in Sections 12101(2)(A),(B), and (C) of the ADA.

34. Pursuant to the ADA, Boring asked that Defendant Anderson Medical accommodate her. Despite her request for an accommodation, Anderson Medical did not

accommodate her and did not engage in a good faith dialogue with Boring to try to identify an appropriate accommodation. Anderson Medical violated the ADA when it failed to accommodate her.

35.     Because of Boring's disability, Anderson Medical discriminated against Boring in regards to her advancement, compensation, and other terms, conditions, and privileges of employment and violated the ADA.

36.     Anderson Medical violated the ADA when it discharged Boring and failed to accommodate her.

37.     The discriminatory acts of Anderson Medical were deliberate, intentional, and were done with malice or with reckless indifference to the federally protected civil rights of Boring.

38.     Boring complained about Anderson's failure to accommodate her and discriminatory conduct. After Boring complained about Anderson's failure to accommodate her and discriminatory conduct Anderson Medical retaliated against Boring, including firing her.

WHEREFORE, Plaintiff Boring respectfully requests this Court enter an order as follows:

A.      The Court should declare, decree, and adjudge that Anderson Medical has violated the ADA;

B.      Grant an injunction against Anderson Medical and its officers, agents, and managers from violating the ADA, and protecting Boring;

C.      Enter appropriate injunctive relief against Anderson Medical and its officers, agents, and managers to comply with the ADA and refrain from discriminating against Boring and interfering with her rights and protections under the ADA and awarding appropriate equitable relief;

D.     Enter appropriate injunctive relief awarding Plaintiff the backpay, frontpay, and other employment benefits that she was denied or lost;

E.     Order the Defendant to pay compensatory and punitive damages in an amount sufficient to punish Anderson Medical for its past discrimination and to deter it from continuing with its discriminatory practices;

F.     Award pre-judgment and post-judgment interest;

G.     Award Boring her reasonable attorney's fees and costs; and

H.     Award such other and further relief as is just and appropriate, including nominal damages.

## COUNT II
## EMPLOYEE RETIREMENT INCOME SECURITY ACT
## and CONSOLIDATED OMNIBUS BUDGET RECONCILIATION ACT
### (Against All Defendants)

1-38.   Paragraphs 1-38 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 38 of Count II.

39.     There exists a statute called the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et. seq.,* (herein "ERISA"), and a statute called the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §1161 *et seq.*, which require that employees have the opportunity to continue coverage of their health and medical benefits under their employer's health and medical plan if a qualifying event occurs.

40.     Jurisdiction arises under the provisions of ERISA, 29 U.S.C. § 1132 *et. seq.,* including § 1132(a)(1), § 1132(a)(3)(B), § 1132(c)(1), and § 1132 (e), and COBRA, 29 U.S.C. § 1161 *et. seq.,* and under 28 U.S.C. § 1331.

41.     At all relevant times herein, Defendant Anderson Medical maintained an employee welfare benefits plan that provided health and medical benefits to its employees,

including Plaintiff. Defendants Anderson Medical was a plan sponsor of that plan subject to the provisions of ERISA and COBRA. The employee welfare benefit plan that Defendant maintained is an "employee welfare benefit plan" within the meaning of ERISA. The Defendants Anderson Medical, Anderson, and Zayan acted as the plan administrators and were closely intertwined with the administration of the plan.

42.    Plaintiff was a qualified participant and/or beneficiary under Defendants' employee welfare benefit plan and was entitled to health and welfare benefits through COBRA, 29 U.S.C. § 1161 *et. seq.*

43.    Pursuant to 29 U.C.S. §1161, a plan must provide that each qualified benefiary who loses coverage under the plan as a result of a qualifying event is entitled to elect continuation coverage under the plan.

44.    Termination of employment is a qualifying event pursuant to 29 U.S.C. §1163(2).

45.    Defendants terminated Plaintiff's employment on May 17, 2005, and Plaintiff incurred a qualifying event within the meaning of COBRA when she was terminated by Defendants.

46.    Plaintiff elected to continue her coverage under the plan and made timely payments of her premiums to the Defendants. Despite Plaintiff's timely payment, Defendants did not provide her premiums to Blue Cross Blue Shield and Plaintiff's coverage was cancelled effective June 1, 2005.

47.    After Plaintiff's coverage was cancelled, Plaintiff complained to the Defendants that her coverage was cancelled despite her election to have her coverage continued. Plaintiff's insurance coverage was reinstated effective October 1, 2005. Between June 1, 2005 and October 1, 2005, Plaintiff had no insurance coverage.

48.     On June 24, 2006, Plaintiff again learned that her insurance coverage had been cancelled effective March 1, 2006, despite Plaintiff's timely payments of her COBRA premium.

49.     Plaintiff again complained to Defendants that her coverage was cancelled despite her election to have her coverage continued. Defendant Zayan confirmed on September 1, 2006 that Plaintiff's COBRA coverage would run from September 1, 2005 through March 1, 2007.

50.     Despite Zayan's representation to her, on December 1, 2006, Plaintiff learned that her insurance coverage was again cancelled on November 1, 2006 despite Plaintiff's timely payments of her COBRA premium. Because of the fourth month gap in coverage between June 1, 2005 and October 1, 2005, Plaintiff did not receive eighteen (18) months of coverage as required under the provisions of COBRA.

51.     Plaintiff was entitled to have her insurance coverage continued for a period of eighteen (18) months and because of Defendants' failure to provide her continued coverage, Plaintiff suffered damages, including incurring expenses for health care benefits that would otherwise have been covered by Defendants' welfare benefit plan.

52.     As a result of Defendants' failure to continue Plaintiff's insurance coverage, Plaintiff was without health coverage, incurred medical expenses that have not been paid, and forewent medical treatment following her termination.

53.     Defendants violated ERISA and COBRA when it failed to provide Plaintiff continued insurance coverage under COBRA.

WHEREFORE, Plaintiff asks the court to enter judgment in her favor, and against Defendants as follows:

A.      The Court should declare, decree, and adjudge that Defendants have violated ERISA and COBRA, including breaching its fiduciary duties;

9

B.     Order Defendants to pay Plaintiff the benefits and monies she has lost as a result of Defendants' violations of ERISA and COBRA;

C.     Grant a permanent injunction enjoining the Defendants and its officers, agents, and employees from violating ERISA and COBRA;

D.     The Court should award pre-judgment interest to Plaintiff;

E.     The Court should award Plaintiff all equitable relief that she is entitled to and should enjoin Defendants' violations of ERISA and COBRA;

F.     To reimburse Plaintiff for the uninsured medical expenses and other expenses she incurred as a result of Defendants' violations of these statutes;

G.     Awarding Plaintiff the reasonable attorneys' fees and costs she incurred as a result of Defendants' violation of these Acts;

H.     For such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT III
## EMPLOYEE RETIREMENT INCOME SECURITY ACT
### SECTION 510 CLAIM
### (Against All Defendants)

1-53.     Paragraphs 1-53 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 53 of Count III.

54.     Pursuant to 29 U.C.S. §1140 ("Section 510"), it is unlawful for an person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan.

55.     Plaintiff was eligible to enroll in the employee welfare benefits plan maintained by Defendants that provided health and medical benefits to its employees. At the time Plaintiff

10

enrolled in Defendants' plan, Defendants were aware of Plaintiff's medical condition which required that Plaintiff receive medical treatment on a regular basis.

56.     Because of Plaintiff's enrollment in the Defendants' plan, Defendants intentionally terminated Plaintiff to avoid the cost of providing health and medical benefits to the Plaintiff under the plan and to interfere with the Plaintiff's right to those benefits.

57.     Plaintiff was discharged because she sought health insurance benefits and the cost of those benefits through Defendants' plan.

58.     Defendants violated ERISA Section 510 when they discharged Plaintiff for electing to enroll in Defendants' welfare benefit plan.

59.     As a result of Defendants' violation of ERISA Section 510, Plaintiff has been damaged and suffered and will continue to suffer the loss of wages, benefits, and other pecuniary loss.

WHEREFORE, Plaintiff asks the court to enter judgment in her favor, and against Defendants as follows:

A.      The Court should declare, decree, and adjudge that Defendants has violated ERISA;

B.      Order Defendant to pay Plaintiff the benefits and monies she has lost as a result of Defendants' violations of ERISA;

C.      Grant a permanent injunction enjoining the Defendants and its officers, agents, and employees from violating ERISA;

D.      The Court should award pre-judgment interest to Plaintiff;

E.      The Court should award Plaintiff all equitable relief that she is entitled to and should enjoin Defendants violations of ERISA;

11

F.      To reimburse Plaintiff for the uninsured medical expenses and other expenses she incurred as a result of Defendants' violations of these statutes;

G.      Awarding Plaintiff the reasonable attorneys' fees and costs she incurred as a result of Defendants' violation of ERISA;

H.      For such other, additional, and further relief as the Court deems appropriate under the circumstances.

**COUNT IV**
**FAIR LABOR STANDARDS ACT**
**(Against All Defendants)**

1-59.   Paragraphs 1-59 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 59 of Count IV.

60.     Plaintiff has signed a Consent to Become A Party Plaintiff under the Fair Labor Standards Act, a copy of which is attached hereto as Exhibit C.

61.     At all pertinent times to this cause of action, Plaintiff was employed by Defendants, said employment being integral and indispensable to Defendants' business.

62.     At all pertinent times Defendants have continuously been and are "employers in an industry affecting commerce" within the meaning of the FLSA, 29 U.S.C. § 201 *et seq.*

63.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for their failure to pay overtime wages to Plaintiff at a rate of one and one half times her regular hourly rate of pay.

64.     During her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

65.     During her employment by Defendants, Plaintiff regularly worked in excess of forty hours in a single work week.

66.     On the occasions when Plaintiff worked more than 40 hours in a work week, she was not paid for all the hours she worked in excess of 40 hours at a rate of one and one-half times her regular rate of pay.

67.     Pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*, and the Portal-to-Portal Act 29 U.S.C. § 251 *et. seq.*, Plaintiff is entitled to compensation at a rate not less than one and one-half her regular rate of pay for all hours worked in excess of forty (40) hours, in any week, during the two (2) years preceding the filing of this Complaint.

68.     Defendants failure to pay overtime compensation to the Plaintiff at the rate of one and one-half her regular rate of pay for all hours worked over forty (40) in a work week is a violation of the FLSA.

WHEREFORE Plaintiff respectfully requests this Court to enter an order as follows:

a.      Awarding a judgment equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

b.      Awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

c.      Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act;

d.      That the Court determine the rights of the parties and direct the Defendants to pay for all hours worked and wages paid to the Plaintiff during the relevant time period; and

e.      For such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT V
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Against All Defendants)

1-68.    Paragraphs 1-68 are re-alleged and incorporated as though set forth fully herein as paragraphs 1-68 of Count V.

69.    Defendants have, both in the past and presently, willfully failed to pay the named Plaintiff for hours worked in excess of forty (40) hours per week at a rate equal to one-half times his regular rate of pay, despite the fact that Defendants knew, or should have known, of the requirements of the Fair Labor Standards Act.

70.    Defendants continue a pattern of deliberate, intentional, and willful violation of the Fair Labor Standards Act.

71.    Pursuant to the Fair Labor Standards Act, Plaintiff is entitled to compensation at a rate of not less than one and one-half times her regular rate of pay for all the hours worked in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

a.    Awarding a judgment equal to the amount of all unpaid overtime compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

b.    Awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

c.    Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

d.    For such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT VI
## LIQUIDATED DAMAGES
### (Against All Defendants)

1-71.   Paragraphs 1-71 are re-alleged and incorporated as though set forth fully herein as paragraphs 1–71 of Count VI.

72.   In denying Plaintiff compensation at a rate of one and one-half times her regular rate for hours worked over forty (40) in a workweek, Defendants' acts were not based upon good faith or reasonable grounds.

73.   Plaintiff is entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. § 206.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

a.   Awarding liquidated damages equal to the amount of all unpaid overtime compensation;

b.   Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

c.   For such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT VII
## SUPPLEMENTAL STATE COURT CLAIM
## ILLINOIS MINIMUM WAGE LAW, 820 ILCS SECTION 105 *et. seq.*
### (Against All Defendants)

1-73.   Paragraphs 1-73 are re-alleged and incorporated as though set forth fully herein as paragraphs 1–73 of Count VII.

74.   There exists a statute called the Illinois Minimum Wage Law, 820 ILCS § 105 *et. seq.*, which requires employers to pay to employees a wage for hours worked over forty (40) in a workweek at a rate of not less than one and one-half times the employee's regular hourly rate.

15

75.     This Court has jurisdiction over the Illinois state claim by virtue of 28 U.S.C. §
1367.

76.     At all relevant times herein, Defendants were employers as defined in the Illinois
Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was an employee within the meaning of
that Act.

77.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in
excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her
normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

78.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate
Plaintiff at one and one-half times her normal rate of pay for hours worked in excess of forty (40)
hours per week. Defendants failed and refused to pay Plaintiff overtime pay.

79.     Pursuant to 820 ILCS 105/12(a), Plaintiff was entitled to recover unpaid wages for
three years prior to the filing of this suit, plus punitive damages in the amount of two percent
(2%) per month of the amount of under payments.

80.     The aforementioned Illinois statute provides for a statute of limitations of three
years from the date of the underpayment of the wage, without qualification.

81.     The aforementioned Illinois statute also provides for Plaintiff to recover the
amount of the wage underpayment as well as costs and reasonable attorneys' fees as may be
allowed by the Court.

82.     Defendants' failure to pay Plaintiff time and one-half for hours worked in excess
of forty (40) hours in a workweek is a violation of the Illinois Minimum Wage Law.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

A.      a judgment in the amount of one and one-half times her normal hourly rate of pay
        for all hours which she worked in excess of forty (40) hours per week;

16

B.     punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     awarding prejudgment interest on the unpaid overtime wages in accordance with 815 ILCS 205/2;

D.     awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of that Act;

E.     that the Court determine the rights of the parties and direct the Defendants to pay for all hours worked and wages paid to Plaintiff during the relevant time period; and

F.     for such other, additional, and further relief as the Court deems appropriate under the circumstances.

**COUNT VIII**
**SUPPLEMENTAL STATE LAW CLAIM**
**ILLINOIS WAGE PAYMENT AND COLLECTION ACT**
**(Against All Defendants)**

1-83.     Paragraphs 1-83 are re-alleged and incorporated as though set forth fully herein as paragraphs 1-83 of Count III.

84.     Defendants promised to pay Plaintiff for said work at rates which vary during the relevant time period. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, Plaintiff was entitled to be paid for these wages.

85.     Defendants have failed, neglected or refused to pay Plaintiff for all her wages earned pursuant to 820 ILCS 115/4; and as a direct and proximate result thereof, Plaintiff has been damaged in an unknown amount.

86.     Illinois' five-year statute of limitations 735 Ill. Comp. Stat. Ann. 5/13-205 (2000) applies to Illinois Wage Payment and Collection Act claims.

87.     Defendants owe Plaintiff unpaid wages.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

A.  order Defendants to pay for all the hours worked and wage paid to the

    Plaintiff;

B.  to award the Plaintiff the back wages due, plus prejudgment interest at the

    statutory rate pursuant to 815 ILCS 205/2; and

C.  for such other and further relief as may be just in law and in equity.

## JURY TRIAL

A jury trial is demanded on all counts which are triable by a jury.

Dated: March 2, 2007

                              Respectfully submitted,

                              Shirley Boring,

                              By: _____
                                  One of Her Attorneys

Marty Denis
Bethany Hilbert
BARLOW, KOBATA & DENIS
525 W. Monroe Street, Suite 2360
Chicago, Illinois 60661
(312) 648-5570

William J. Provenzano
WILLIAM J. PROVENZANO AND ASSOCIATES, LTD.
1580 S. Milwaukee Avenue, Suite 520
Libertyville, Illinois 60048
(847)816-6588
Atty. No. 02259451

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| [X] IDHR | |
| [X] EEOC | 44D-2006-02126 |

### Illinois Department of Human Rights and EEOC

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Ms. Shirley Boring | (847) 395-2914 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 42302 N. Oak St., Antioch, IL 60002 | | 2/25/1959 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (*IF MORE THAN ONE, LIST BELOW*)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code) |
|---|---|---|
| Anderson Medical Center | | (847) 279-2900 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1065 E. Lake Cook Rd. Wheeling, IL 60090 | | Cook |

| NAME | TELEPHONE (include area code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON: Disability | DATE OF DISCRIMINATION |
|---|---|
| FEB 1 5 2006 | EARLIEST (ADEA/EPA) / / LATEST (ALL) 5/17/05 |
| | [ ] CONTINUING ACTION |

THE PARTICULARS ARE (*If additional space is needed attach extra sheet(s)*)

CHICAGO DISTRICT OFFICE

I. A. ISSUE/BASIS

DISCHARGE – May 17, 2005, Due to DISABILITY (brain lesion and advanced Gastric Reflux Disease (Dysphaghia)

B. PRIMA FACIE ALLEGATIONS

1. My disability is an inoperable brain lesion and advanced gastric reflux disease (Dysphaghia).

2. My performance as Accounts Payable, Administrative Assistant and Referral Coordinator was consistently to the satisfaction of the Respondent, and was told by my manager that I was "doing 100%."

CONTINUES....

| [X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY (when necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
| *[signature]* 2-8-06 Notary Public Seal | SIGNATURE OF COMPLAINANT     DATE X _____ SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, year) |

EEOC FORM 5 (6/00)

EXHIBIT A

Shirley Boring, Charging Party
Anderson Medical Center, Respondent
Page Two

3.  One week before my termination, I advised my manager, Rosie Moll, that I was having vision problems (related to the brain lesion).

    I was terminated one day before I was to have a scheduled MRI to check the progress of a brain lesion. Respondent was aware of this scheduled MRI. Respondent also had knowledge of my specific medical conditions/disabilities.

5.  On May 17, 2005, I was terminated from my employment by Respondent for the stated reason that I was not keeping up.

II.  I believe I have been discriminated against on the basis of my record of a disabilities and current disabilities (brain lesion and Gastric Reflux Disease) in violation of the Americans With Disabilities Act, and retaliated against in that:

    Respondent terminated my employment because of my disabilities.

**EXHIBIT A**

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Shirley Boring**<br>**42302 N. Oak Street**<br>**Antioch, IL 60002**<br><br>**Certified No.: 7001 0320 0005 9832 5584** | From: Equal Employment Opportunity<br>Commission<br>Chicago District Office<br>500 West Madison Street<br>Suite 2800<br>Chicago, Illinois 60661-2511 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2006-02126** | **Sarronda Harris, Investigator** | **(312) 886-9320** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*

**John P. Rowe, District Director**

*November 28, 2006*
*(Date Mailed)*

Enclosure(s)

cc: **Anderson Medical Center**

**Exhibit B**

## CONSENT TO BECOME A PARTY PLAINTIFF
## UNDER THE FAIR LABOR STANDARDS ACT

Shirley Boring ("Plaintiff") submits this Written Consent to Become a Party Plaintiff in an Action Under the Fair Labor Standards Act. Plaintiff consents to becoming a party plaintiff in an action against Defendant Anderson Medical Centers, LLC under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, and state statutes because of Defendant's failure to pay overtime pay and wages.

Dated: 3/1/07

Shirley Boring, Plaintiff

EXHIBIT C